CENTRAL IRON & METAL CO., Appellant v. EVATT, Tax Commr., Appellee.

Board of Tax Appeals, Department of Taxation of Ohio

No. 3550. Decided July 19, 1943.

Albert M. Spero, Cleveland, for appellant.

Thomas J. Herbert, attorney general, Columbus, and Perry L. Graham, asst. attorney general, Columbus, for appellee.

### ENTRY

This cause and matter came on to be heard by the Board of Tax Appeals upon the motion of the appellee to dismiss an appeal filed herein by the appellant, above named, from an amended tax certificate made and issued by the tax commissioner which increased the list or taxable valuation of the inventory, furniture and fixtures and other equipment of the appellant for the tax year 1940. The case was heard by the Board upon said motion, the appeal to which the motion was directed, and the files of the case relating to the matters before the Board on said appeal and motion, upon the evidence offered and introduced by the appellant in support of its appeal, and upon the arguments and briefs of counsel.

Upon consideration of the case as submitted, the Board of Tax Appeals finds that on or about the 30th day of March, 1940, the appellant, a corporation organized under the laws of Ohio and doing business as a dealer in scrap iron and steel at Cleveland, Ohio, filed its intangible and personal property tax return for the year 1940; in and by which tax return the appellant listed its inventory at an average true valuation of $5,000.00 and a list or taxable valuation of $2500.00, and listed therein its furniture and fixtures and other equipment at a true valuation of $2321.25 and at a list or taxable

valuation of $1624.88, making a total of $4124.88 as the list or taxable valuation of appellant's personal property used in business for said year. Upon this list valuation of the property, as returned by the appellant, a tax was extended at the then current local overall tax rate in the city of Cleveland Taxing District, which tax amounted to the sum of $131.79, one-half of which was paid at the time said tax return was filed, the other half of which tax amounting to the sum of $85.90 was paid October 11, 1940.

The Board further finds that thereafter on or about February 11, 1941, the tax commissioner, on audit of appellant's tax return for said year, made and issued an amended tax certificate with respect to appellant's tangible personal property in and by which the tax commissioner increased the taxable valuation of appellant's inventory, furniture and fixtures and other equipment by the amount of $2675.12, a part of which increase in the taxable valuation of such property resulted from the finding and determination of the tax commissioner that appellant's inventory, as returned by it. was merchandise inventory taxable at 70% of the true valuation thereof rather than manufacturing inventory, as returned and listed by the appellant. Upon this increased valuation in the amount of $2675.12 a tax was extended at the local overall tax rate, which tax amounted to the sum of $85.47. On March 13, 1941, the appellant filed with the Board of Tax Appeals an appeal from the order of the tax commissioner indicated by the amended tax certificate above referred to. This appeal, which was filed under the then provisions of §5394 GC, was quite informal and was effected by means of a letter to which was attached a copy of a letter directed by the taxpayer to the Department of Taxation in which the taxpayer, in referring to the tax bill for the increased amount of taxes assessed against it for the tax year 1940, as aforesaid, complained that as to its inventory which it had returned on a 50% tax valuation basis, the tax department had increased such taxable valuation to an amount equal to 70% of the true valuation thereof, resulting in an increase of taxes in the amount of $47.93 on this account. The taxpayer, likewise in this letter to the Department of Taxation, referred to a payment of the sum of $85.47 which it was thereby making covering the full amount of the increased taxes therein complained of; and in connection with such payment the taxpayer in and by this letter stated its protest of and with respect to such increased assessment.

Thereafter when this case came on to be heard by the Board on said appeal and before any evidence was offered or introduced by appellant in support of such appeal, the appellee through his counsel, made and interposed a motion that appellant's appeal be dismissed for the stated reason that the increased tax complained of in the appeal had been paid by the appellant. This contention of the appellee as to the payment in full by the appellant of this increased tax is not disputed; and such payment is conceded by counsel for

the appellant in the brief which they have filed in this case in opposition to appellee's motion.

In considering the effect of appellant's voluntary payment of the increased tax herein complained of with respect to appellee's motion to dismiss appellant's appeal on that stated ground, the principal question presented for the determination of this Board is whether there is anything in this case to decide other than a moot question as to the matters complained of in said appeal. For, aside from any question of estoppel against the appellant to complain against this increased tax assessment that may arise by reason of appellant's voluntary payment of such tax—as to which see: Cooley on Taxation, Vol. 3, Sec. 1206; 61 Corpus Juris, p. 784—it is clear that the quasi-judicial authority of the Board of Tax Appeals cannot be invoked for the decision of moot questions any more than can the judicial authority of a court be invoked for this purpose. See **Board of Education v. Budget Commission, 139 Oh. St., 312, 313; Miner v. Witt, 82 Oh. St., 237; Travis v. Public Utilities Commission, 123 Oh. St., 355.** Obviously, the question whether anything more than a moot question is left for decision in this case depends upon whether effect can be given to any decision that the Board may make on the question or questions presented by appellant's appeal and by the record in this case by way of relief to the appellant with respect to the matters complained of by it, or in determining the classification or other factors to be observed by the tax commissioner in the assessment of appellant's inventory and other personal property in subsequent years. As to this, it is to be observed that no decision that the Board of Tax Appeals might make on the merits of this case would afford an effectual predicate for the recovery of illegal and excessive taxes under the assessment here in question under the provisions of §§12075 and 12077, GC, and this for the reason that aside from the consideration that an action for the recovery of taxes under these sections must be brought within one year from the time such taxes are collected, the appellant in this case in paying the taxes assessed against it, did not comply with §12077 GC, which provides that as a condition for the recovery of taxes voluntarily paid by the taxpayer. he must allege and prove that at the time of paying such taxes he "filed a written protest as to the portion sought to be recovered, specifying the nature of his claim as to the illegality thereof, together with notice of his intention to sue under this chapter". See **Swetland Co. v. Evatt, 139 Oh. St., 6, 7, 21.** Further, no decision that this Board might make in favor of the appellant on the merits of this case would be a predicate for proceedings under the provisions of §§2588 and 2589 GC, for the refund of these taxes by action of the county auditor and county commissioners as therein provided for; and this for the reason that the provisions of these sections apply only with respect to the remission or refund of taxes that have been illegally assessed or collected by reason of errors which are clerical in their nature and character,

rather than to fundamental errors of judgment on the part of the taxing authorities. See 38 **O. Jur., §410, p. 1224; State ex Pulskamp v. Board of County Commissioners, 119 Oh. St., 504.**

Moreover, we are of the view, contrary to the contention made by the appellant herein, that any decision that this Board might make in favor of the appellant in this case could not be made the basis of a final certificate and refund to appellant of excessive taxes paid by it under the then provisions of §5395 GC, (115 O. L. 570). The assessment complained of by the appellant in this case is an additional or corrected preliminary assessment made by the tax commissioner under the then provisions of §5377 GC; and said assessment was and is a preliminary assessment as distinguished from the final assessment and certificate thereof, provided for by §5395 GC. And as to this it is noted that aside from the consideration that the provisions of §5395 GC, are permissive only with respect to any action that the tax commissioner might be authorized to take under the.terms of this section, **Leimbach v. Evatt, Tax Commissioner, 141 Oh. St., 191; Willys-Overland Motors, Inc., v. Evatt, Tax Commissioner, 141 Oh. St., 402, 403,** this section by its terms expressly excepts from its provisions and from the authority of the tax commissioner thereby conferred the right of said officer to make and issue a final assessment certificate with respect to taxable property, the preliminary assessment of which (as in this case) has been appealed under §5394 GC.

The further question is here presented as to whether any decision that the Board of Tax Appeals might make on the question as to whether appellant's inventory is to be classed as manufacturing or merchandise inventory and taxable as such, or of any other question affecting the taxable valuation of this property for the year 1940, would be legally effective by way of the principle of res judicata or otherwise in determining the taxable valuation of this or of similar property of the appellant for any subsequent tax year. Under the decision of the Supreme Court of this state in the case of **Standard Oil Co. v. Zangerle, And., 141 Oh. St., 505,** we are required to answer this question in the negative, and to hold that no decision that this Board might make as to any question here presented affecting the taxable valuation of this property for the year 1940 would in anywise determine the taxable valuation of such property for any other tax year.

In this situation it appears that the only matter before the Board in this case is a moot question with respect to the matter herein presented, the decision of which could not in any event afford to the appellant any relief, or in any way affect its rights and interest as against the taxing authorities with respect to the taxable valuation of this property, or otherwise; and for this reason it is by the Board of Tax Appeals considered and ordered that appellee's motion

herein to dismiss appellant's appeal be, and the same hereby is, sustained, and that said appeal be, and the same hereby is, dismissed.

BOARD OF TAX APPEALS.